UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry James Tyler,<br><br>Plaintiff,<br><br>vs.<br><br>Warden Waddell Coe,<br><br>Defendant. | ) C/A No.: 9:16-3588-MGL-BM<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>) |

The pro se Petitioner, Larry James Tyler, is detained at the Darlington County Detention Center (DCDC). Petitioner files this action in forma pauperis under 28 U.S.C. § 1915.

The Complaint is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997)[pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915 and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case

upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319. Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Such is the case here.

**Discussion**

Plaintiff was previously detained at the DCDC in 2012, when he was awaiting trial on criminal charges. See Tyler v. Stanley, No. 9:12-546-MGL-BM (D.S.C.).[1] Records from Darlington County[2] indicate that Plaintiff was convicted on February 27, 2013 (jury trial) of criminal

[1]A district court may take judicial notice of materials in the court's own files from prior proceedings. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) [holding that the district court had the right to take judicial notice of a prior related proceeding]; see also Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).

[2]The Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869, at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008)[noting that some

solicitation of a minor, sexual exploitation of a minor (second degree), and disseminating harmful material or exhibiting harmful performance to minors, and was sentenced to eight years imprisonment as to each conviction (concurrent sentences). See Darlington County Fourth Judicial Circuit Public Index, http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2013GS1600603&CaseType=C; http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2013GS1600604&CaseType=C; http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2013GS1600606&CaseType=C (last visited May 11, 2017). Plaintiff was also sentenced to three years concurrent on a conviction of contributing to the delinquency of a minor. See http://publicindex.sccourts.org/Darlington/PublicIndex/PIError.aspx?County=16&CourtAgency=16001&Casenum=2013GS1600605&CaseType=C (last visited May 11, 2017). It appears that Plaintiff was then incarcerated with the South Carolina Department of Corrections (SCDC) for a period of time, and is now back at the DCDC, awaiting civil commitment proceedings pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. §§ 44-48-10 through 44-48-170. See, e.g., Tyler v. Byrd, No. 4:16-00400-MGL-BM, 2016 WL 4414834, at * 1 (D.S.C. Jul. 27, 2016), adopted by 2016 WL 4374982 (D.S.C. Aug. 16, 2016).

Plaintiff asserts that he previously signed a settlement agreement with Warden Coe (the Defendant in this case) and Mitch Stanley[3] in case number 9:12-546-MGL-BM on December

---

courts have found postings on government web sites as inherently authentic or self-authenticating].

[3]Plaintiff has not named Stanley (who Plaintiff appears to assert was previously the assistant warden or warden of DCDC - see ECF No. 1 at 9) as a defendant in this action.



13, 2013. Plaintiff claims that the settlement agreement provides that the jail (presumably the DCDC) will give inmates copies of their complaints if requested, allow all preachers/pastors access to inmates at any time up to 10:00 p.m., grant access to a law library to inmates proceeding pro se who request such access, provide inmates with appropriate medication, and supply sufficient portions of meals. ECF No. 1 at 6. However, a review of the referenced agreement (a copy of which is attached hereto) fails to support Plaintiff's claims. The Memorandum of Agreement provided for a payment of money to Plaintiff and for Plaintiff to execute a full and final release of claims and potential claims regarding the pending litigation. Additionally, the agreement provides:

> 3. Defendants **will recommend** to county council that they will **consider** providing inmates with copies of their Complaints if requested.
>
> 4. Defendants will **provide verification of a policy** that allows all preachers/pastors access to the inmate at any time up to 10:00 p.m..
>
> 5. Defendants or someone on their behalf **will apologize** to Pastor James Pritchard for being turned away.
>
> 6. The Detention Center acknowledges that **if a Circuit Judge issues an order** allowing an inmate to proceed *pro se* that inmate, **if needed**, will have access to the Darlington County Law Library.
>
> 7. Defendant **Stanley will reiterate** to the Detention Center nurse and cooks to insure the inmate is provided with the appropriate medication and sufficient portions of meals.

See Tyler v. Stanley, No. 9:12-546-MGL-BM (D.S.C.), ECF No. 44-1, 56-3 (emphasis added).

Moreover, even if the memorandum of agreement contained the allegedly mandatory language that Plaintiff asserts it contains, to the extent that the previous case (9:12-546-MGL-BM) was dismissed and the court has not retained jurisdiction over the settlement agreement, a breach of the agreement does not provide a basis for an action in this court. "Generally, if a federal court

dismissed the original action due to settlement of the claims, a later motion for enforcement of the settlement is purely a matter of state contract law, and the federal court must have 'some independent basis for federal jurisdiction' to resolve the dispute." Shell's Disposal & Recycling, Inc. v. City of Lancaster, No. 12-cv-1730, 2012 WL 5816870, at *3-4 (3d Cir. Nov. 16, 2012)(quoting Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 382 (1994)). "A court may not assert jurisdiction over a suit for breach of settlement agreement when the federal 'hook' is simply that the agreement called for the dismissal of an earlier federal suit." Orlando Residence, Ltd. v. Hilton Head Hotel Inv'rs, No. 9:89–cv–0662–DCN, 2013 WL 1103027, at *6 n.3 (D.S.C. Mar. 15, 2013)(citing Kokkonen, 511 U.S. at 381-382). Here, Plaintiff is attempting through the filing of this lawsuit to enforce the terms of the agreement reached in Case Number 9:12-546-MGL-BM which Plaintiff believes are being violated.

Additionally, to the extent that Plaintiff is attempting to assert independent claims concerning the food he is served at DCDC, his access to the courts, and his medical care, such claims are also subject to summary dismissal as they are frivolous, duplicative claims. Plaintiff previously filed a case in this court against Defendant Coe in which he asserted claims concerning the food he was served at DCDC beginning on approximately November 2, 2015. See Tyler v. Coe, No. 9:16-2711-MGL-BM (D.S.C.). In that prior case, Plaintiff asserted that Defendant Coe as well as DCDC Medical Supervisor Diann Wilkes violated his Fourteenth Amendment, equal protection, and due process rights because they treated him differently than other detainees (as to his diet), impermissibly punished him for stockpiling food, and fed him a diet that caused him to suffer medical problems. Plaintiff also filed another case, Tyler v. James, No. 9:16-1068-MGL-BM (D.S.C.), in which he asserted that he was retaliated against for filing lawsuits and claimed that DCDC employees harassed

him by feeding him the same thing at every meal. Plaintiff also filed a case against Defendant Coe and others in which he alleged claims concerning access to the courts (claims concerning his mail); see Tyler v. James, No. 9:16-1068-MGL-BM (D.S.C.); while in yet another case Plaintiff asserted claims against Darlington County Sheriff Byrd concerning access to the courts (mail, making of photocopies). Tyler v. Byrd, No. 4:16-400-MGL-BM (D.S.C.).

Hence, to the extent Plaintiff is attempting to bring claims in this lawsuit concerning the food he is served, his access to the courts (provision of law library access, photocopies of documents, and the provision of legal supplies), and the medical care he receives, these issues have or are being addressed in cases Plaintiff has previously filed, and in which he has asserted these claims or could have moved to amend his Complaint, such that this duplicate § 1983 Complaint is frivolous and subject to dismissal on that basis. See Cottle v. Bell, No. 00–6367, 2000 WL 1144623, at *1 (4th Cir. Aug.14, 2000) ["Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)"]; Aziz v. Burrows, 976 F.2d 1158 (8th Cir.1992)["[D]istrict courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party."]. Therefore, in the interests of judicial economy and efficiency, the instant Complaint should be summarily dismissed. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir.1970) ["The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."].

**Recommendation**

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

May 15, 2017
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry James Tyler, Plaintiff vs. Mitch Stanley and Captain Coe, Defendant | CASE #: 9:12-546-RMG-BM **MEMORANDUM OF AGREEMENT** |

THIS AGREEMENT has been entered into between the Plaintiff, hereinafter referred to as "Plaintiff" and the Defendant(s), their successors and assigns, hereinafter referred to as "Defendants", as follows:

1. Defendants will pay, or cause to be paid, to the below named Plaintiff the below designated sums of money in full and final settlement of all issues involved in the above captioned action.

   A. To Plaintiff the sum of $3,000.00

2. Plaintiff agrees to execute a full and final release releasing all claims and potential claims regarding the pending litigation.

3. Defendants will recommend to county council that they will consider providing inmates with copies of their Complaints if requested.

4. Defendants will provide verification of a policy that allows all preachers/pastors access to the inmate at any time up to 10:00 p.m..

5. Defendants or someone on their behalf will apologize to Pastor James Pritchard for being turned away.

6. The Detention Center acknowledges that if a Circuit Judge issues an Order allowing an inmate to proceed *pro se* that inmate, if needed, will have access to the Darlington County Law Library.

7. Defendant Stanley will reiterate to the Detention Center nurse and cooks to insure the inmate is provided with the appropriate medication and sufficient portions of meals.

Signed this 13th day of December, 2013

SIGNATURES ON NEXT PAGE